## Doud v. Meighan et al.

CONVEYANCE: JUDGMENT: SUSTAINED BY EVIDENCE.

*Appeal from Chickasaw Circuit Court.*

THURSDAY, JUNE 12.

ACTION in chancery. There was a decree granting the relief prayed for in plaintiff's petition. Mitchell, the intervenor, appeals. The facts of the case appear in the opinion.

*Brown & Wellingt·n,* for appellant.

*Stoneman & Chapin,* for appellee.

BECK, CH. J.—The petition alleges that plaintiff, to secure a claim against her husband, conveyed the lands involved in this action to one Kepler. The deed, though absolute on its face, was intended as security, and was, therefore, in law, regarded as a mortgage. Upon the payment of Kepler's claim he conveyed the land to defendant Edward Meighan, who executed a promissory note to plaintiff for the premises, under an agreement that the land was to be held for plaintiff. The note has been surrendered to defendant. The petition proposes certain interrogatories to be answered by defendant.

The answer of defendant denies the allegations of the petition, but fails to reply to the interrogatories, and thereupon default and judgment was entered against defendant for failure to answer the interrogatories. The defendant does not appeal.

S. A. Mitchell filed a petition of intervention, claiming title to the property under a deed executed by defendant after the commencement of this action. She alleges that the conveyances from plaintiff to Kepler, and from Kepler to defendant, were absolute, and that she acquired the title to the land in good faith and for a valuable consideration. She also alleges that the husband of plaintiff, Thomas Doud, owned the land and caused it to be conveyed to plaintiff to hinder and delay his creditors, and that the conveyances to Kepler and defendant were for the same fraudulent purpose.

It will be observed that the issues of fact raised by the pleadings of the intervenor involve the determination of the questions: *First,* were the deeds executed to Kepler and by Kepler to defendant intended to convey the absolute title, or was the title conveyed to the respective grantees to be held in trust for plaintiff? *Second,* was the land conveyed to plaintiff by her husband for the purpose of defrauding his creditors, and were the subsequent conveyances to Kepler and defendant executed for the same purpose?

It will be observed that the intervenor, having acquired her title to the property after the commencement of this action, is chargeable with notice of the equities of plaintiff, and has no higher or greater rights in the property than her grantor, the defendant.

The case is not triable in this court *de novo.* Upon this point there is no dispute, the parties having so stipulated. We are not to determine, therefore, the issues of fact upon the preponderance of the testimony, but are required to decide whether there is sufficient evidence to justify the conclusion that the decree of the court below is based upon the intelligent, unprejudiced and fair exercise of the judgment and discretion of the court. While there is a conflict of evidence, there was sufficient proof before the court to authorize the conclusion that the decree is the result of the exercise of the unbiased discretion of the judge. We cannot, therefore, interfere.

We are not accustomed to discuss the testimony in cases of this kind. It would require much time and space to go over the record and consider the proofs of the parties in order to show that this is a case of mere conflict of evidence. This view of the case relieves us of the duty of considering other points made by counsel.

AFFIRMED.